# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MICHAEL O. LIVINGSTONE,<br><br>    Plaintiff,<br><br>v.<br><br>DEVRY UNIVERSITY, INC., et al.,<br><br>    Defendants. | No. 20-cv-05567<br><br>Judge Andrea R. Wood |

## ORDER

For the reasons set forth in the Statement below, Defendants' motion to enforce the settlement agreement [68] is granted and Plaintiff's motions to quash the settlement [72], [83] are denied. The Court overrules Plaintiff's objections to the Report and Recommendation [96], adopts the Report and Recommendation in full, and finds that the parties reached a binding oral settlement agreement that was subsequently memorialized in writing as set forth in the Confidential Settlement Agreement and Release at Docket No. 68-4. Consistent with the terms of that agreement, this case is dismissed with prejudice. The Clerk is directed to enter Judgment in favor of Defendants. The Court also grants Defendants' motion to strike Plaintiffs' objections and motions for review [109] and denies Plaintiff's motion to vacate order RE Math 533 class [85], his motion to correct the Report and Recommendation [98], and his motion for extension of time and to exceed page limits [100]. Plaintiff's motion for expedited extension of time and notice of expansion of Math 533 course-related motions [99] is granted to the extend he seeks an extension of the time to file his notice of appeal of the Court's denial of his motion for a preliminary injunction, and otherwise denied. Plaintiff's notice of appeal filed March 24, 2021 is deemed timely filed. Plaintiff's other pending motions [23], [48], [92] are denied as moot. Defendants' motion for a briefing schedule on their motion for fees and costs [70] is granted and Plaintiff's motions to quash that motion and impose sanctions [72] and to stay settlement proceedings [97] are denied. Defendants may file a motion seeking attorneys' fees and costs by June 22, 2021; Plaintiff's response shall be filed by July 13, 2021; and Defendants' reply shall be filed by July 27, 2021. The motion for attorneys' fees and costs shall address the propriety of an award of attorneys and costs; if the motion is granted, the Court will direct the procedure by which the amount of the award will be determined. Finally, Defendants' motion to reassign a related case [112] is denied.

## STATEMENT

Plaintiff Michael Livingstone is a Master of Business Administration candidate at Defendant DeVry University ("DeVry"). Livingstone's 39-count amended complaint asserts claims against 26 Defendants, including DeVry, which according to the amended complaint is an

Illinois-based, for-profit educational institution. (Am. Compl., Dkt. No. 10.) Livingstone alleges, among other things, that Defendants violated his civil rights as a DeVry student.

## I. Enforcement of Settlement Agreement

On October 16, 2020, the Court referred this case to the Magistrate Judge for a settlement conference. (*See* Dkt. No. 27.) The parties exchanged settlement positions. They then participated in a day-long settlement conference with the Magistrate Judge on November 20, 2020. At the end of the conference, the parties reported that they had reached a settlement. The material terms of the settlement were recited on the record; the parties reached various agreements, including a payment from Defendants to Livingstone, an agreement that Livingstone would be allowed and required to retake the Math 533 course to graduate from DeVry unless DeVry determined otherwise, and a release of Livingstone's claims against all Defendants. (Nov. 20, 2020 Settlement Conf. Tr. 3–4, Dkt. No. 58.) On the record, Livingstone confirmed that he had heard and understood the terms, that there was nothing he wanted to change, that he understood he could not change his mind after accepting the terms, that he was competent to represent himself and had not been pressured into settling, and that he was not on any medications that affected his judgment. (*Id.* at 5–9.) The parties agreed that they would memorialize their settlement in writing. (*Id.* at 10.) But the Magistrate Judge made clear that even if they did not reach a written settlement agreement, the oral terms of the contract would control. (*Id.*)

Following the settlement conference, Livingstone asked Defendants to adjust the terms of their settlement by making an additional payment to cover his tax liability and by allowing him to pursue reimbursement of his filing fee and process server costs from Defendants. Defendants declined those requests. Then, on November 24, 2020, Livingstone signed the written settlement agreement prepared by Defendants and emailed it to Defendants' counsel, along with a request to expedite payment of the settlement amount. Six days later, Livingstone emailed a revised settlement agreement to Defendants' counsel, requesting four changes and asking Defendants to sign the revised version. Defendants instead signed the first version. They subsequently mailed settlement checks to Livingstone, which Livingstone cashed.

The parties' written settlement agreement required Livingstone to dismiss the case with prejudice two weeks after he signed the agreement. But on December 10, 2020, Livingstone filed a "notice" that no binding settlement had been reached, asserting that he had repudiated his signature before Defendants signed it and raising other objections to the settlement agreement. (Dkt. No. 55.) The parties filed cross-motions to enforce and quash the settlement. (Dkt. Nos. 68, 83.) The Court referred these motions to the Magistrate Judge.

### A. Magistrate Judge's Report and Recommendation and Plaintiff's Objections

As reflected in her Report and Recommendation, the Magistrate Judge concluded that the parties had reached a binding oral settlement agreement that was subsequently memorialized in writing. She also found that Livingstone failed to repudiate the agreement because he signed the agreement and cashed the settlement check. The Magistrate Judge determined that Livingstone's email of November 30, 2020, which attempted to renegotiate settlement terms, used equivocal

language and did not constitute a repudiation of his November 24, 2020 signed agreement. The Magistrate Judge rejected Livingstone's other arguments as meritless. Despite the Magistrate Judge's warning that failure to timely object to the Report and Recommendation would waive any objections, Livingstone did not file his objections within fourteen days.

If Defendants' motion is granted, this case will be dismissed with prejudice. That means that if either party properly objects to any portion of the Report and Recommendation, the Court must review those portions *de novo*. Fed. R. Civ. P. 72(b). Otherwise, the Court reviews the Report and Recommendation for clear error. Fed. R. Civ. P. 72(a); *see Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Here, the Court will review the report for clear error because Livingstone failed to properly object to it. Livingstone filed what he described as his "preliminary" objections to the Report and Recommendation on March 16, 2021, eighteen days after it was issued and four days after the deadline to object had passed. (Dkt. No. 99); *see also* Fed. R. Civ. P. 72(b)(2) (setting a fourteen-day deadline for any objections to a magistrate judge's dispositive report). He then filed further objections on March 26, 2021 and March 29, 2021— twenty-eight days and thirty-one days, respectively, after the Report and Recommendation was filed. (Dkt. Nos. 106, 107.)

The Magistrate Judge, in her Report and Recommendation, warned Livingstone of the consequences of failing to file timely objections. Further, his "preliminary" objections were seventeen pages long (a substantial portion of which was single-spaced), his subsequent objections were 101 pages long, and his final amended objections were 147 pages long. These filings, without cause, dramatically exceeded the fifteen-page limit for objections to a report and recommendation. N.D. Ill. L.R. 7.1. While Livingstone moved for an extension of time and to exceed page limits, this motion was also filed after the fourteen-day deadline. (Dkt. No. 100.)

The Court finds that Livingstone has failed to timely object to the Report and Recommendation and has therefore waived his arguments against the Magistrate Judge's recommendation. "[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Generally, pro se litigants "must be afforded leniency . . . on procedural matters." *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018) (internal quotation marks omitted). But here, the Court finds it appropriate to hold Livingstone to the deadline imposed by the Magistrate Judge and the Federal Rules of Civil Procedure. Livingstone moved to "correct" the Report and Recommendation just three days after it had been issued. (Dkt. No. 98.) He clearly had notice of the deadline and an opportunity to meet it. Throughout this litigation, as the Magistrate Judge noted, Livingstone has prepared extensive written filings. Here, Livingstone chose to miss the objection deadline to prepare a longer submission of more than one hundred pages. The Court is not obligated to accept late submissions that are several times the maximum permitted length.

The Court has reviewed the Magistrate Judge's Report and Recommendation and adopts it in full, finding no clear error. Indeed, even if Livingstone's objections had been timely filed, the Court would reach the same result for the following reasons. First, the transcript of the parties' settlement conference shows that Livingstone knowingly and voluntarily entered into the settlement agreement that Defendants seek to enforce. Livingstone further assented to the written settlement agreement—that is, the agreement he signed and emailed to Defendants on November

24, 2020—by cashing the settlement check he received and declining to return those funds. His post-settlement conduct belies his contention that he repudiated the settlement agreement. *See Kaskel v. N. Tr. Co.*, 328 F.3d 358, 360 (7th Cir. 2003) ("If the other party to your contract breaks it, and instead of walking away from it you act as if it remains in force, it ***does*** remain in force. You cannot later repudiate it.").

The Court also finds no ambiguity in the parties' agreement. It is true, as Livingstone notes, that the settlement agreement did not specify whether Livingstone could retake the Math 533 class with a group of students instead of as an independent study course. But the manner of the course's delivery was not a material term to the parties' bargain and therefore does not provide grounds to revoke the settlement. *See Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 508 (7th Cir. 2007) (peripheral disputes over immaterial terms do not defeat settlement agreement); *Pritchett v. Asbestos Claims Mgmt. Corp.*, 773 N.E.2d 1277, 1282 (Ill. App. Ct. 2002) ("Every feasible contingency that might arise in the future need not be provided for in a contract for the agreement to be enforceable.").

Many of Livingstone's objections simply represent buyer's remorse and a desire to negotiate a more favorable settlement after an agreement had been reached. For example, Livingstone contends that he intended to preserve his right to pursue reimbursement for his filing fee and service costs in this case. But he acknowledges that he never raised those issues during the parties' negotiations. Likewise, the settlement does not entitle Livingstone to additional payments to compensate for the tax liability he may face because of the settlement. By failing to raise these issues and incorporate them into the settlement agreement, Livingstone lost his ability to demand such relief in this litigation. *See Newkirk v. Vill. of Steger*, 536 F.3d 771, 774 (7th Cir. 2008) (explaining that under Illinois law's objective theory of intent, the parties' "[s]ecret hopes and wishes count for nothing. The status of a document as a contract depends on what the parties express to each other and to the world, not on what they keep to themselves.").

Livingstone next contends that the Magistrate Judge coerced him into settlement by speaking negatively about his case. Specifically, the Magistrate Judge discussed the experience and expertise of Defendants' counsel and told Livingstone that he would not get more than $20,000 in a settlement. These allegations do not amount to coercion. "Coercion occurs when a judge threatens to penalize a party that refuses to settle. But a judge may encourage settlement, and he or she is not prohibited from expressing a negative opinion of a party's claim during discussions as a means to foster an agreement." *Gevas v. Ghosh*, 566 F.3d 717, 719–20 (7th Cir. 2009) (internal citations omitted). The Magistrate Judge did not threaten to penalize Livingstone for failing to settle but at most expressed her opinion about the likely outcome of the case. Indeed, she could not have penalized Livingstone for failing to settle his case because she presided only over the settlement conference and not other proceedings. Moreover, it was proper for the Magistrate Judge to express her opinions about the merits of Livingstone's case.

Finally, the Court rejects Livingstone's contentions that the Magistrate Judge demonstrated bias in the proceedings or was unfit in any way to conduct his settlement proceedings. His claim that the Magistrate Judge was unfit to preside over the parties' settlement because she was not an expert in higher education law is baseless—federal judges are necessarily generalists. *See, e.g.*, *Chi. Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension*

*Fund v. CPC Logistics, Inc.*, 698 F.3d 346, 350 (7th Cir. 2012). Livingstone presents no evidence that the Magistrate Judge failed to act impartially, held a personal bias against either party, had personal knowledge regarding the case, or showed prejudice against either party. *See* 28 U.S.C. §§ 144, 455. Livingstone's numerous other objections are likewise without merit for the reasons described in the Report and Recommendation. And any arguments that Livingstone failed to raise until the objections phase are waived. *See All. to End Repression v. City of Chicago*, 66 F. Supp. 2d 899, 903 (N.D. Ill. 1999) ("Efficiency in judicial administration requires that all arguments be presented to the magistrate judge in the first instance.").

In summary, the Court grants Defendants' motion to enforce the settlement, adopting the Magistrate Judge's Report and Recommendation in full. The Court correspondingly denies Livingstone's motions to quash the settlement. The Court finds that Livingston and Defendants entered into a binding and enforceable settlement agreement including the following material terms. Defendants agreed to make a cash payment to Livingstone. Defendants also agreed that Livingstone would be allowed to retake a final class, Math 533, to graduate from DeVry, and that Livingstone would not be charged tuition for that course. DeVry agreed to close any pending disciplinary hearings ("Code of Conduct hearings") against Livingstone upon his graduation. DeVry further agreed not to disparage Livingstone or to take any action intended to damage his reputation, and Defendants committed that they would not oppose Livingstone's motion to seal court records. In turn, Livingstone agreed to dismiss the present matter with prejudice and to file a stipulation agreeing to such dismissal within two weeks of signing the agreement. More broadly, Livingstone released all defendants in this action and a previously filed action in the District of New Jersey from any and all claims. Livingstone also agreed not to file any further action against any person or entity released in the settlement based on an act or event occurring on or before the effective date of the agreement. Livingstone agreed to abide by all of DeVry's policies, procedures, and rules while enrolled in Math 533 and not to again enroll as a student at DeVry or any institution associated with Adtalem Global Education Inc. or to seek employment with them. Consistent with the terms of the agreement, and as recommended in the Report and Recommendation, the Court dismisses this case with prejudice.

### B. Plaintiff's Ancillary Motions

Livingstone has also moved to "correct" the Report and Recommendation because the Magistrate Judge did not cite the exact title of two of his motions and he believes that the Magistrate Judge misrepresented his requests (Dkt. No. 98). The Court denies this motion, as the record reflects Livingstone's requests and the Magistrate Judge properly considered those motions.

The Court's ruling here also moots several of Livingstone's other pending motions. Livingstone's first motion for a temporary restraining order and preliminary injunction (Dkt. No. 23), which the Court previously stayed because of the parties' reported settlement, is denied. The Court likewise denies Livingstone's motion to adjudicate pending motions and clarifications (Dkt. No. 48), motion to set aside, vacate, or reconsider the Court's order denying preliminary injunction (Dkt. No. 85), and "supplement requesting judicial notices" (Dkt. No. 92).

Finally, the Court grants Livingstone's motion for expedited extension of time and notice of expansion of Math 533 course-related motions (Dkt. No. 99) to the extent he seeks an extension of the time to file his notice of appeal of the Court's ruling denying his motion for a preliminary injunction. The Court finds good cause to grant the extension pursuant to Federal Rule of Appellate Procedure 4(a)(5) due to the complicated procedural posture resulting from the settlement agreement and Livingstone's *pro se* status. The Court grants the extension to allow Livingstone to preserve his arguments for appeal, notwithstanding the above finding that Livingstone entered into a settlement agreement that requires dismissal of this case with prejudice and the resulting likelihood that his request for a preliminary injunction is moot.

## II. Attorneys' Fees

Defendants move to set a briefing schedule and hearing date on a forthcoming motion for attorneys' fees and costs. (Dkt. No. 70.) The Court finds it appropriate to set such a schedule and so the motion is granted. Accordingly, Defendants may file any motion for attorneys' fees and costs by June 22, 2021; Plaintiff's response is due by July 13, 2021; and Defendants' reply by July 27, 2021. Defendants' motion to quash (Dkt. No. 72) and motion to stay settlement proceedings and adjudicate the motion to quash (Dkt. No. 97) are denied. Because the Court finds Defendants' motion proper, it will not impose sanctions as requested by Livingstone.

The Court's decision to allow Defendants to make the requested motion should not be construed as expressing a view on its merits. As Defendants note, the parties' written settlement provides that if a party "prevail[s] in a legal or equitable action claiming that the other Party has breached this Agreement, the prevailing Party(ies) shall be entitled to recover from the other Party(ies) the reasonable attorneys' fees and costs incurred by the prevailing Party(ies) in connection with such action, in addition to other available remedies." (Defs.' Mot. to Enforce Settlement, Ex. B, Settlement Agreement ¶ 19, Dkt. No. 68-2.) While the Court has granted Defendants' motion to enforce the parties' settlement and dismiss this matter with prejudice, this case does not include a claim for breach of contract. Therefore, it is not readily apparent to the Court that Defendants are entitled to attorneys' fees on that basis.

## III. Motion to Reassign

On February 23, 2021, Livingstone filed a second lawsuit against DeVry in the Northern District of Illinois. (*See* Compl., *Michael O. Livingstone v. DeVry Univ., Inc.*, No. 1:21-cv-01032 (N.D. Ill. Feb. 23, 2021), Dkt. No. 1.) That case is currently pending before Judge John Tharp. Although Livingstone raises eleven claims in that suit, he primarily contends that DeVry breached the parties' settlement agreement by, among other things, requiring Livingstone to take Math 533 as an independent study course. He also asserts that DeVry retaliated against him because of his conduct in the present litigation and that DeVry should be required to reimburse Livingstone for service costs in the present litigation, among other claims. Defendants have moved to reassign the later-filed case to this Court. (Dkt. No. 112.)

Local Rule 40.4 allows a related case to be reassigned to the judge presiding over an earlier-filed case when certain conditions are met. First, the cases must be related, which requires that the cases "involve the same property . . . involve some of the same issues of fact or law . . . grow out of the same transaction or occurrence . . . (or) in class action suits, one or more of the classes involved in the cases is or are the same." N.D. Ill. L.R. 40.4(a). Second, to be reassigned, both cases must be pending in the Northern District; reassignment must be "likely to result in a substantial saving of judicial time and effort;" reassignment must not "be likely to delay the proceedings in earlier case substantially;" and "the cases [must be] susceptible of disposition in a single proceeding." N.D. Ill. L.R. 40.4(b).

As set forth in his amended complaint, at its core, the present case involves Livingstone's claims that he suffered discrimination and other violations of his civil rights while a student at DeVry. His more recent complaint before Judge Tharp, for the most part, concerns events that happened after Livingstone filed the present case and asserts claims based on Defendants' handling of the settlement. Most significantly, Livingston alleges that Defendants breached the settlement agreement or otherwise acted unlawfully by requiring him to re-take Math 533 as an independent study course. Notably, the second case was filed on February 23, 2021, *i.e.*, well after the settlement was reached in this case and dismissal with prejudice would have been accomplished but for Livingstone's attempts to void his agreement. While Livingstone's claim for service costs in his second lawsuit is duplicative of the motion for reimbursement of service costs that he has filed in this case, that is not enough from which to conclude that the cases themselves involve the same issues of law or fact or grow out of the same transaction or occurrence.

Moreover, reassignment for purposes of consolidation or coordination of the two cases would substantially delay the proceedings in this case, which is poised for dismissal with prejudice in light of the valid settlement agreement. Nor is there likely to be a substantial saving of judicial time and effort, as Livingstone raises wholly new claims in his second lawsuit that have not been litigated here. And of course, as this case has now been resolved through settlement, the two cases are not susceptible of disposition in a single proceeding. For these reasons, Defendants' motion to reassign (Dkt. No. 112) is denied.

### IV.     Conclusion

For the reasons stated above, the Court overrules Livingstone's objections and adopts the Magistrate Judge's Report and Recommendation in full, grants Defendants' motion to enforce the settlement agreement, grants Defendants' motion to set a briefing schedule on their motion for attorneys' fees, denies Defendants' motion to reassign another case, and otherwise disposes of the pending motions as detailed above. This case is dismissed with prejudice pursuant to the parties' settlement agreement.

Dated:  June 8, 2021

_____
Andrea R. Wood
United States District Judge